# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

NIGEL KING, BRANDON LEWIS, :
TAYLOR TRISCHETTA,
and ERIC LEWIS :

    Plaintiffs, :

                             **CIVIL ACTION NO. 3:14-1641**

    v. :

                               **(JUDGE MANNION)**

ALBERT AND CAROL MUELLER :
LIMITED PARTNERSHIP, ALBERT
MUELLER, CAROL MUELLER, :
JPMORGAN CHASE & CO., and
JPMORGAN CHASE BANK, N.A., :

    Defendants.

# MEMORANDUM

**I.    Introduction**

Presently before the court is a Motion to Remand, filed on August 29, 2014, by the plaintiffs Nigel King, Brandon Lewis, Taylor Trischetta, and Eric Lewis. (Doc. 10). The plaintiffs seek to remand the case based upon the local controversy exception of the Class Action Fairness Act ("CAFA"), with the only issue in dispute the "no other class action" element. As discussed below, the court **GRANTS** this motion.

**II.   Background**

Defendants Albert Mueller, Carol Mueller, and the Albert and Carol Mueller Partnership ("the Partnership") (collectively, the "Mueller Defendants") operate McDonald's franchises in Pennsylvania. (Doc. 7). On August 31, 2010, the Partnership and JPMorgan Chase, N.A. ("Chase") entered into a Card Issuance Agreement, through which the Mueller Defendants would be able to pay employees with payroll debit cards, or paycards, issued by Chase.

The paycards functioned similar to a traditional debit card in that the employer would add the employees net wages to the card and the employee would obtain the wages with the card in a variety of ways, some of which required fees. Whether the employees were compelled to pay fees in order to access their full wages is in dispute.

A putative class filed a class action lawsuit against the Mueller Defendants in July, 2013 in the Luzerne Court of Common Pleas, in which they allege a violation of Pennsylvania's Wage and Payment Law and Unjust Enrichment. Gunshannon, et al. v. Albert Mueller, et al., No. 2013-07010. On July 24, 2014, the plaintiffs filed their complaint for this case in the Luzerne County Court of Common Pleas, approximately one year after Gunshannon. On August 22, 2014, the Mueller Defendants removed this case to federal

2

court pursuant to CAFA. On August 28, 2014 Chase filed a joinder request describing additional grounds to support removal under CAFA. On August 29, 2014, Plaintiffs filed a motion seeking remand to state court on the ground that the court lacks jurisdiction under CAFA. Oral argument took place on January 16, 2015. (Doc. 31). The Gunshannon case remains pending in the Luzerne County Court of Common Pleas.

**III.    Legal Standard**

The Class Action Fairness Act grants jurisdiction to federal courts over civil actions if "the matter in controversy exceeds the sum or value of $5,000,000," the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant. 28 U.S.C. §1332(d).). There are two exceptions to CAFA's subject matter jurisdiction: the home state exception and the local controversy exception. 28 U.S.C. §1332(d)(4)(A). A party seeking to invoke the local controversy exception must show that: "(1) greater than two-thirds of the putative class are citizens of the state in which that action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms

3

a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years." Vodenichar v. Halcon Energy Props., Inc., 733 F.3d 497, 503 (3d Cir. 2013). The local controversy exception was designed "to identify a truly local controversy--a controversy that uniquely affects a particular locality to the exclusion of all others..." *Id.* at 508.

Regarding the "other class action" element, the "'inquiry is whether similar factual allegations have been made against the defendant in multiple class actions'–and hence they are facing separate, distinct lawsuits–without regard to the procedural posture of the earlier filed cases or whether the putative classes in the cases overlap, their claims arise from an identical event, or involve the same causes of action or legal theories." Vodenichar, 733 F.3d 497, 508 (quoting S.Rep. No. 109-14, at 41, 2005 U.S.C.C.A.N. at 39).

**IV.   Discussion**

The sole issue in the instant action is whether there is an "other class

4

action" with respect to the sixth element of the local controversy exception. The court is bound by the Third Circuit's decision in Vodenichar in making its determination. 733 F.3d 497 (3d Cir. 2013). In particular, the court focuses on the "as contemplated" language used throughout the Vodenichar decision. *Id.* The Vodenichar court stated: "[t]he question here is whether the first and second filed actions are the same case or if the first filed action is an 'other class action,' *as contemplated* under the local controversy exception." *Id.* at 509 (emphasis added).

To this end, the court must first address what was contemplated by Congress in creating the local controversy exception, and the Vodenichar decision is highly instructive. The Third Circuit points out that Congress "recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant." Vodenichar, 733 F.3d 497 (3d Cir. 2013) (citing CAFA, Pub.L. No. 109-2, §2(a)(1), 119 Stat. 4). More specifically, "the statute seeks to control the impact of multiple class actions filed by different members of the same class against a defendant by providing a single forum to resolve similar claims." *Id.* (citing S.Rep. No. 109-14, at 4-5 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 5-6; DeHart v. BP America, Inc., No. 09-626, 2010 WL 231744, at *12 (W.D.La. Jan. 14, 2010). Further,

"...Congress sought to have all but truly local controversies proceed in federal court and found that when a 'controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that [the local controversy] exception is intended to address.'" Vodenichar, quoting S. Rep. No. 109-14, at 40-41, 2005 U.S.C.C.A.N. at 39. As the Vodenichar court puts it: "[i]n short, Congress wanted to ensure that defendants did not face copycat, or near copycat, suits in multiple forums and hence excluded from the local controversy exception cases where a defendant was named in multiple similar cases." *Id.* The "inquiry is whether similar factual allegations have been made against the defendant in multiple class actions." *Id.* It should also be pointed out that the "no other class action" language must not be construed "too narrowly." *Id.* at 508-509.

The court finds that the instant case is simply not the kind of case contemplated under CAFA, particularly when considered with respect to the "multiple class actions" and "multiple cases" language above. CAFA was designed to provide a single forum in which to consolidate multiple claims against a single defendant, and to prevent so-called copycat suits from arising in various forums. As such, it was meant as a protective measure for defendants against being compelled to defend against similar claims in

various forums. Here, we have two similar cases, both originally filed in the Luzerne County Court of Common Pleas and one removed to this court from the Luzerne County Court of Common Pleas, not multiple class actions as contemplate by Congress.

Further, the local controversy exception, as the name implies, is meant to allow State courts to settle local controversies. Indeed, it is the goal of the exception to "identify a truly local controversy–a controversy that uniquely affects a particular locality to the exclusion of all others," 151 Cong. Rec. H723-01, 2005 WL 387992 (daily ed. Feb. 17, 2005) (statement of Rep. Sensenbrenner), and "enable State courts to adjudicate truly local disputes involving principal injuries concentrated with the forum State." 151 Cong. Rec. S999-02, 2005 WL 283380 (daily ed. Feb. 7, 2005) (statement of Sen. Specter). It is clear that this controversy uniquely affects Northeast Pennsylvania and that the principal injuries are concentrated within Pennsylvania. To deny the remand to the Luzerne County Court of Common Pleas would be to directly frustrate the purpose of this exception.

The defendants' argument primarily focuses on the "factually and analytically different" language from Vodenichar, and whether or not it should be considered *dictum*. Footnote 12 from the Vodenichar case reads:

> "If two class actions arise out of the same facts, but are factually *and analytically* different, such that the proof necessary for one class to prevail differs from the proof another class would need to present, the first filed class action would *not* constitute an 'other' class action as defined in the CAFA."

Id.

(Citing Raspberry v. Capital Cnty. Mut. Fire Ins. Co., 609 F.Supp2d 594, 605 (E.D. Tex. 2009)) (emphasis added). The defendants contend that this language is *dictum*, and that the court should focus on the "same or similar factual allegation" language from CAFA. The court finds that the defendants attempt to ignore the "analytically different" language of Vodenichar is a mischaracterization of the holding of the Third Circuit. The Vodenichar court was obligated to consider the "no other class action" element in making its determination as it was central to the discussion, and, as such, this court is obligated to conform with its holding.

The parties agree that the factual bases for the Gunshannon complaint and the instant action are similar. Some of the similarities, as outlined by the defendants are: plaintiffs claim to be Mueller hourly employees paid with the Chase Payroll Card ("Card"); plaintiffs claim that the use of the Card was mandated and they were afforded no alternative means of payment; plaintiffs claim the Card is not the equivalent of cash; plaintiffs claim as a result of

8

using the Card they were unable to withdraw the entire amount of their wages; and plaintiffs claim that the net effect of using the Card was a reduction of wages. (Doc. 23).

However, the plaintiffs point out that there are two distinct classes in the instant matter (those under the age of 18, and those 18 and older), whereas there is no such distinction in Gunshannon. (Doc. 28, p. 8). As well as the additional parties and class definitions, the plaintiffs argue that the *proof* required for the plaintiffs to prevail is different in each case; in Gunshannon, the plaintiffs must show that the Chase Payroll Debit Card is not considered "lawful money of United States," whereas here they are required to show that the employees were compelled to incur fees and, thus, disallowed from collecting the entire amount of wages owed to them. The plaintiff points out that the Pennsylvania Supreme Court has described differences between the two claims: "A cause of action for money had and received is a claim by which the plaintiff seeks to recover money paid to the defendant by mistake or under compulsion, or where the consideration was insufficient," whereas "[a] cause of action for unjust enrichment is a claim by which the plaintiff seeks restitution for benefits conferred on and retained a defendant who offered no compensation in circumstances where compensation was reasonable

expected." (Doc. 28, p. 12). In light of the court's finding that the "analytical" language is to be considered, these analytical distinctions serve to bolster the plaintiffs' position that no "other class action" is present in the instant matter.

Finally, as a practical matter it will be more convenient for both actions to be heard in the Luzerne County Court of Common Pleas, preferably consolidated with the same judge, but that of course is outside this court's authority. As discussed during oral argument, much of the discovery in the Gunshannon case, completed in the Luzerne County Court of Common Pleas, overlaps and would not need be duplicated if the case were remanded to that forum. The fact remains that there will be two separate cases regardless of this court's decision. The court agrees with the plaintiffs' argument that CAFA was meant to reduce the number of forums, not necessarily the number of cases. The court's decision to grant the motion to remand will serve this purpose as well as reasonably comply with the "as contemplated" language in Vodenichar.

**V.     Conclusion**

For the foregoing reasons, the plaintiffs' motion to remand is **GRANTED**. (Doc. 10). An appropriate order shall follow.


                                                        s/ *Malachy E. Mannion*
                                                        **MALACHY E. MANNION**
                                                        **United States District Judge**

**Dated: March 25, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1641-01.wpd